IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JASON THIELE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BASF CORP., ET AL.,<br><br>　　　　　Defendants. | CASE NO. 18-CV-4081<br><br>**ANSWER OF DEFENDANT FONA INTERNATIONAL, INC. TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant, FONA International, Inc. (hereinafter "FONA") answers Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Except as expressly stated below, FONA only answers those allegations that are directed to it. To the extent a response to allegations directed toward an entity other than FONA is required, FONA states that it is without sufficient knowledge or information to form a belief concerning the truth of the allegations in the Plaintiff's Complaint directed toward such entities and on that basis, denies all such allegations.

1.　FONA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.　FONA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3. FONA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4. FONA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5. FONA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6. FONA denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 about other Defendants, but denies the other remaining allegations.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 about other Defendants, but denies the other remaining allegations.

9. The allegations contained in Paragraph 9 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 about other Defendants, but denies the other remaining allegations.

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 about other Defendants, but denies the other remaining allegations.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 about other Defendants, but denies the other remaining allegations.

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 about other Defendants, but denies the other remaining allegations.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 about other Defendants, but denies the other remaining allegations.

14. The allegations contained in Paragraph 14 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 14 about other Defendants, but denies the other remaining allegations.

15. Defendant admits FONA is an Illinois corporation that has sold or distributed flavorings, at certain times, but denies the remaining allegations contained in Paragraph 15.

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 about other Defendants, but denies the other remaining allegations.

17. The allegations contained in Paragraph 17 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 about other Defendants, but denies the other remaining allegations.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 about other Defendants, but denies the other remaining allegations.

19. The allegations contained in Paragraph 19 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 19 about other Defendants, but denies the other remaining allegations.

20. The allegations contained in Paragraph 20 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 about other Defendants, but denies the other remaining allegations.

21. The allegations contained in Paragraph 21 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 about other Defendants, but denies the other remaining allegations.

22. The allegations contained in Paragraph 22 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 about other Defendants, but denies the other remaining allegations.

23. The allegations contained in Paragraph 23 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 about other Defendants, but denies the other remaining allegations.

24. The allegations contained in Paragraph 24 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 about other Defendants, but denies the other remaining allegations.

25. The allegations contained in Paragraph 25 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 about other Defendants, but denies the other remaining allegations.

26. The allegations contained in Paragraph 26 of Plaintiff's Complaint are not directed toward FONA and, therefore, no response is required. To the extent a response is required, FONA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 about other Defendants, but denies the other remaining allegations.

**JURISDICTION AND VENUE**

27. FONA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28. FONA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29. FONA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30. FONA denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. FONA denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. FONA denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. FONA denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

## COUNT I

## NEGLIGENCE

34. FONA incorporates its responses above as if fully rewritten herein.

35. FONA denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. FONA denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. FONA denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. FONA denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. FONA denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

## COUNT II

## STRICT PRODUCT LIABILITY – DESIGN, MANUFACTURING, AND INHERENT DEFECTS

40. FONA incorporates its responses above as if fully rewritten herein.

41. FONA denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. FONA denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. FONA denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. FONA denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. FONA denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. FONA denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. FONA denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

## COUNT III

## STRICT PRODUCT LIABILITY – FAILURE TO WARN

48. FONA incorporates its responses above as if fully rewritten herein.

49. FONA denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. FONA denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. FONA denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. FONA denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. FONA denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. FONA denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. FONA denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. FONA denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. FONA denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. FONA denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. FONA denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

## COUNT IV

## STRICT PRODUCT LIABILITY -- FAILURE TO INSTRUCT

60. FONA incorporates its responses above as if fully rewritten herein.

61. FONA denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. FONA denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. FONA denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. FONA denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. FONA denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. FONA denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. FONA denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. FONA denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

69. The Plaintiff's Complaint, and each count thereof, fails for lack of personal jurisdiction over FONA.

70. The Plaintiff's Complaint, and each count thereof, fails to state a claim against FONA upon which relief can be granted.

71. Plaintiff's claims are barred by the applicable statutes of limitations, statutes of repose, laches and/or other time bar defenses.

72. Plaintiff's claims are barred because of Plaintiff's failure to join all necessary and indispensable parties for a just adjudication of this matter.

73. Plaintiff's damages, if any, were proximately caused by acts of God and/or by intervening and/or superseding events, factors, occurrences, conditions, or actions by others, over which FONA had no control.

74. Plaintiff's claims are barred by the doctrines of learned intermediary, bulk supplier and/or sophisticated user.

75. The Plaintiff's fault was the proximate cause of the injuries alleged. By reason of this comparative fault, Plaintiff's recovery for damages, if any, is either barred completely or should be reduced by the percentage of Plaintiff's own fault. The fault of third parties was a proximate cause of Plaintiff's alleged injuries.

76. Plaintiff's claims are barred because the harm to Plaintiff, if any, was caused by an inherent characteristic of the product which is a generic aspect of the product and cannot be eliminated without sacrificing product features that make the product useful and desirable.

77. Plaintiff's claims are barred because at the time the product left FONA's control, a practical and technically feasible alternative design or formulation was not available that would have prevented the harm to Plaintiff, if any, without substantially impairing the usefulness, desirability, or marketability of the product.

78. Plaintiff's claims are barred because at the time of sale of the product, a reasonable alternative design, that could have been practically adopted at the time of sale, was not available that would have prevented the harm, if any, to Plaintiff.

79. Plaintiff's claims are barred because the harm to Plaintiff, if any, was caused by conduct of Plaintiff that was undertaken despite the fact that it exposed him to risks that were open and obvious or generally known to product users.

80. If FONA's product was unsafe, which FONA denies, Plaintiff's claims are barred because the product was unavoidably unsafe.

81. Plaintiff's claims are barred, in whole or in part, for lack of reliance on any alleged misrepresentation or omission by FONA.

82. FONA denies that the Plaintiff is entitled to any damages from it, but without waiving this denial FONA avers in the alternative that the damages Plaintiff seeks are not recoverable because they are legally too remote, indirect or speculative.

83. Some or all of Plaintiff's claims are preempted by federal and/or state statutes and regulations, including, but not limited to, those concerning design, formulation, transportation, handling, and labeling of FONA' s product.

84. Plaintiff's injuries, if any, were caused by alteration, misuse, or abuse of the product, and/or Plaintiff's failure to follow warnings, instructions and/or take reasonable precautions.

85. Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, and/or unclean hands.

86. Plaintiff's claims are barred by the component parts doctrine and/or the contractor's defense.

87. Plaintiff's claims are barred or reduced by Plaintiff's contributory and/or comparative negligence and/or contributory and/or comparative fault.

88. To the extent Plaintiff's claims relate to FONA's advertising, public statements, lobbying or other activities protected by the First Amendment to the United States Constitution and applicable State constitutions, such claims are barred.

89. Any Plaintiff's claims are barred in whole or in part to the extent that that Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised his claims.

90. Plaintiff may not recover from FONA because the methods, standards and/or techniques of designing, manufacturing and/or labeling of the subject product complied with and/or were in conformity with the generally recognized state of the art, government regulations, and reasonable custom and practice at the time the product was designed, produced and/or labeled, and all applicable codes, standards, regulations and laws at all relevant times.

91. Plaintiff's damages and injuries, if any, were the direct, sole and proximate result of his sensitivities and idiosyncrasies peculiar to him and not found in the general public and thus, were unknown, unknowable or not reasonably foreseeable to FONA.

92. Plaintiff's claims are barred to the extent that Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred. Furthermore, FONA

cannot constitutionally be liable under retroactive theories or theories not requiring proof of fault and causation.

93. The harm, if any, which Plaintiff claims caused the injuries alleged herein was not known to FONA nor did FONA have reason to know of the risk of said harm at the time of the alleged exposure. Therefore, any risk of harm, was not reasonably foreseeable by FONA and FONA cannot be held liable for the injuries and damages caused by Plaintiff.

94. FONA asserts that if Plaintiff can show any illness, injury, disability, loss and/or damages, such are the result of a physical condition or conditions which pre-existed the alleged occurrences and for which conditions FONA is not responsible.

95. Even if Plaintiff was exposed to butter flavoring and/or any other substance, as alleged by Plaintiff, any such alleged exposure was de minimus and did not cause any injuries or damages alleged.

96. Plaintiff's alleged injuries, if any, were the result of unavoidable circumstances which could not have been prevented.

97. The benefits of the product allegedly at issue outweigh any risks, if any, alleged in the Plaintiff's Complaint.

98. Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery and/or setoffs.

99. Plaintiff's damages, if any, were the direct result of Plaintiff's preexisting medical conditions and/or occurred by operation of nature or as a result of circumstances over which FONA had, and continues to have, no control.

100. FONA denies any and all culpability and liability, but if FONA is ultimately found to be liable, then the liability of FONA, if any, to Plaintiff for non-economic loss is limited

13031456_1 136233.0031

to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

101. The injuries and damages of Plaintiff, if any, are the proximate result of the acts or omissions of third persons or parties over whom FONA had no control or right of control and, therefore, any recovery sought by Plaintiff must be reduced or eliminated.

102. Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages against FONA. FONA objects to Plaintiff's claim for punitive damages in the initial claim for relief and before the exchange of initial disclosures.

103. Unless both FONA's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence and beyond a reasonable doubt, any award of punitive damages would violate FONA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Iowa Constitution.

104. Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Iowa law by a jury that (1) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and does not define with sufficient clarity the conduct or mental state that makes an award of punitive damages permissible; (2) is not expressly instructed that any award of punitive damages is discretionary and limited to the amount necessary to punish the defendant and to deter others from similar wrongdoing; (3) is not expressly prohibited from considering improper criteria such as defendant's residence, corporate status, and/or wealth in determining whether and/or how much to award in punitive damages; (4) is not subject to trial court and appellate judicial review for

13
13031456_1 136233.0031
Case 5:18-cv-04081-LTS-KEM   Document 25   Filed 11/13/18   Page 13 of 19

reasonableness on the basis of objective standards; (5) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; and (6) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages, would violate FONA's privileges and immunities, due process and equal protection rights guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution, and FONA's right against imposition of excessive fines guaranteed under the Eighth Amendment to the United States Constitution, and the Commerce Clause under Article I of the United States Constitution, and FONA's due process rights under the Iowa Constitution, and would be improper under the common law and public policies of the State of Iowa.

105. The claims of Plaintiff for punitive damages against FONA cannot be sustained because the conduct of FONA was not done heedlessly or recklessly without regard to consequences or the rights and safety of others, particularly the Plaintiff.

106. The claims of Plaintiff for punitive damages against FONA cannot be sustained because (1) the deterrent effect of the damages has been accomplished; (2) the alleged conduct has ceased; and/or (3) the purpose of such damages has already been served.

107. While at all times denying that Plaintiff is entitled to actual or punitive damages in any amount, an award on Plaintiff's claims for punitive damages against FONA would be impermissible to the extent that such award (1) is entirely disproportionate to the amount of actual damages, (2) does not bear a reasonable relationship to the injury suffered, (3) does not bear a reasonable relationship to compensatory damages, or (4) does not have some correlation to the cause of such injury.

14

108. The standards for determining liability for and the amount of punitive damages fail to give FONA prior notice of the conduct for which punitive damages may be imposed, and the severity of the penalty that may be imposed, and are void for vagueness in violation of FONA's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Iowa Constitution. Plaintiff's claim for punitive damages cannot be sustained because FONA did not in fact receive fair notice not only of the conduct that will subject it to punishment but also of the severity of the penalty that Iowa may impose.

109. An award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against FONA for punitive damages arising out of the design, development, manufacture, fabrication, distribution, supply, marketing, sale, and/or use of FONA's products, would constitute impermissible multiple punishments for the same wrong, in violation of FONA's due process and equal protection rights guaranteed by the Fifth and fourteenth Amendments to the United States Constitution and FONA's due process rights under the Iowa Constitution, and would be improper under the common law and public policies of Iowa.

110. Any award of punitive damages, without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate FONA's due process rights and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and under the Iowa Constitution, and would be improper under the common law and public policies of Iowa.

111. Any award of punitive damages that allows Plaintiff to prejudicially emphasize the corporate status of FONA violates FONA's due process and equal protection rights

guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Iowa Constitution.

112. Any award of punitive damages under a process that fails to bifurcate the issue of punitive damages from the remaining issues would violate FONA's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Iowa Constitution, and would be improper under the common law and public policies of Iowa.

113. Iowa may not use punitive damages as a means to impose its regulatory policies on other jurisdictions. Iowa may not impose economic sanctions on an alleged tortfeasor with the intent of changing or deterring its conduct in other States.

114. Plaintiff's claim for punitive damages cannot be sustained to the extent any such award is not based solely on conduct that was directed to the Plaintiff and occurred within Iowa or that does not limit its consideration only to the interests of Iowa residents.

115. Plaintiff's claim for punitive damages cannot be justified without considering whether less drastic remedies could be expected to deter future alleged misconduct.

116. Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Iowa law would violate FONA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Iowa Constitution.

117. Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under state law without the same protections that are accorded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and rights to confront adverse witnesses, a speedy trial and the effective

13031456 _1 136233.0031

assistance of counsel would violate FONA's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Iowa constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

118. Any award of punitive damages exceeding the limits authorized by Iowa penal laws would constitute a cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Iowa constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

119. Any award of punitive damages based on anything other than FONA's conduct in connection with the sale of its specific products that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Iowa constitutional provisions providing for due process and guaranty against double jeopardy.

120. While denying at all times that any product manufactured by FONA caused or contributed to the alleged injuries or damages of Plaintiff, FONA avers that it cannot be held liable because the manufacturers of microwave popcorn to whom FONA supplied flavoring were knowledgeable and sophisticated users of such products.

121. In the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than Iowa, FONA reserves its right to assert other or

related defenses available under such state's common law, product liability acts, and/or consumer protection statutes.

122. FONA hereby gives notices that it intends to rely upon any other defense and/or counterclaim or cross-claim that may become available or known during the course of discovery in this case and hereby reserves its right to amend its Answer to assert any such defenses and/or claims. FONA further reserves its right to adopt and assert any defenses and/or claims that may be raised or asserted by any other defendant in this action.

WHEREFORE, having fully answered, Defendant FONA International, Inc., prays that Plaintiff's Complaint be dismissed with prejudice, at Plaintiff's cost, and that the Court order such further relief in favor of FONA International, Inc. as is just and proper.

                CRARY HUFF RINGGENBERG
                HARTNETT & STORM, P.C.

By:    */s/ Daniel L. Hartnett*
       Daniel L. Hartnett, AT0003363
       329 Pierce Street, Ste. 200
       PO Box 27
       Sioux City, Iowa 51102
       Telephone: 712.277.4561
       Fax: 712.277.4605
       dhartnett@craryhuff.com
       And
       Ronald B. Lee
       *(will be filing for pro hac admission)*
       rlee@ralaw.com
       Moira H. Pietrowski
       *(will be filing for pro hac admission)*
       mpietrowski@ralaw.com
       Roetzel & Andress, LPA
       222 South Main Street
       Akron, OH 44308
       Telephone: 330.376.2700
       Facsimile: 330.376.4577
       *Attorneys for Defendant FONA*
       *International, Inc.*

**JURY DEMAND**

Defendant FONA International, Inc. hereby demands a trial by jury on all issues so triable.

>
> CRARY HUFF RINGGENBERG
> HARTNETT & STORM, P.C.
>
> By: */s/ Daniel L. Hartnett*
> Daniel L. Hartnett, AT0003363
> 329 Pierce Street, Ste. 200
> PO Box 27
> Sioux City, Iowa 51102
> Telephone: 712.277.4561
> Fax: 712.277.4605
> dhartnett@craryhuff.com
> And
> Ronald B. Lee
> *(will be filing for pro hac admission)*
> rlee@ralaw.com
> Moira H. Pietrowski
> *(will be filing for pro hac admission)*
> mpietrowski@ralaw.com
> Roetzel & Andress, LPA
> 222 South Main Street
> Akron, OH 44308
> Telephone: 330.376.2700
> Facsimile: 330.376.4577
> *Attorneys for Defendant FONA International, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 13th day of November, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

>
> */s/ Daniel L. Hartnett*
> Daniel L. Hartnett, AT0003363